UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CR-00118 SRC |
| JUSTIN G. LAMONDA, M.D., | ) ) ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

COMES NOW, the United States of America, by and through its attorney Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric, Assistant United States Attorney for said District, and files its sentencing memorandum. The Government respectfully requests that the Court impose a guideline sentence for defendant Justin G. LaMonda, M.D. (the "defendant") that recognizes the seriousness of his crimes, the need for deterrence, and all other relevant factors in 18 U.S.C. § 3553.

**I.      Background**

On March 14, 2023, the defendant pled guilty to two counts of making false statements related to health care matters. (Guilty Plea Agreement ("GPA"), ECF No. 6.) The United States has accepted, and the defendant has filed no objections to, the Presentence Investigation Report ("PSR") (ECF No. 28), which calculates a Total Offense Level of 17 and a criminal history score of zero, placing the defendant in Criminal History Category I. (PSR ¶¶ 46, 51.) Accordingly, the defendant's advisory guideline imprisonment range is 24 to 30 months. (PSR ¶ 82.)

**II.      Nature and Circumstance of Defendant's Crime**

The following undisputed facts of this case demonstrate the seriousness of the defendant's offense.

This case arises out of the defendant's role as a medical doctor and owner of Justin G LaMonda MD, LLC, a family medicine clinic in Moberly, Missouri.  (PSR ¶ 12.)  The defendant, along with his now deceased father (who was also a medical doctor), submitted and caused to be submitted reimbursement claims to the Medicare and Missouri Medicaid programs, in violation of 18 U.S.C. § 1035.  (*Id.*)

1.     **Medicare and Medicaid Enrollment**

The defendant enrolled in Medicare and Medicaid in 2012 and 2013, respectively.  (PSR ¶¶ 15, 18.)  His father, Dr. Gary LaMonda, was enrolled in Medicare and Medicaid at all relevant times.  (PSR ¶¶ 15, 18.)  Medicare and Medicaid are healthcare benefit programs within the meaning of 18 U.S.C. § 24.  (PSR ¶ 12.)  Medicare reimburses enrolled providers for certain benefits, items, and services provided to elderly and disabled patients.  (PSR ¶ 13.)  Medicaid reimburses health care providers for covered services and prescription medications provided to low-income Medicaid recipients.  (PSR ¶ 17.)  To enroll in Medicare and Medicaid, providers, including the defendant, must certify compliance with each program's requirements, such as the requirement to submit truthful claims for payment for services, and the requirement to use one's own unique provider billing identifier for services rendered.  (PSR ¶¶ 14-15, 17-18.)

2.     **The Defendant's Loss of Medicare and Medicaid Privileges**

In August 2017, the Missouri Board of Registration for the Healing Arts ("MBRHA") suspended the defendant's medical license based on allegations that he had engaged in sexual

2

activity with his practice's office manager, to whom he had also prescribed controlled substances without sufficient medical examination and outside of the usual course of professional practice. (PSR ¶ 20.) Although the suspension of the defendant's medical license lasted only until September 13, 2017, Medicare revoked his billing privileges effective December 20, 2018, after determining that he had submitted claims to Medicare for reimbursement of services conducted during the suspension period. (*Id.*) Similarly, in September 2019, Medicaid notified the defendant that his Medicaid provider number was being terminated based on his Medicare revocation. (*Id.*)

### 3. Fraudulent Claims Falsely Listing Dr. Gary LaMonda as the Provider

Beginning at least as early as December 20, 2018, the defendant and Dr. Gary LaMonda decided to bill Medicare for services conducted by the defendant (who lacked Medicare billing privileges) as if they had been conducted by G. LaMonda (who still had Medicare billing privileges). (PSR ¶ 21.) When the defendant later lost his Medicaid privileges, the defendant and Dr. Gary LaMonda expanded this fraudulent billing scheme to include claims for payment submitted to Medicaid. (PSR ¶ 25.)

The defendant effectuated this fraudulent billing by using Dr. Gary LaMonda's unique billing information on claims for payment to Medicare and Medicaid when, in fact, the defendant, not Dr. Gary LaMonda, had performed the services. (PSR ¶¶ 22, 25.) Indeed, the defendant's criminal conduct was not limited to merely billing for office visits under his father's name; he also ordered durable medical equipment, issued prescriptions, and ordered referrals for outside services, such as laboratory testing, using his father's name and billing information. (PSR ¶¶ 23, 26.)

Because Medicare and Medicaid directed reimbursements to Dr. Gary LaMonda—i.e. the provider listed on the fraudulent claims for payment—Dr. Gary LaMonda paid the defendant for services he wrongly performed for Medicare and Medicaid patients after his enrollment privileges had been stripped.  (PSR ¶ 27.)  As a result, the defendant was able to profit from his fraudulent submission of claims for payment to Medicare and Medicaid.

> **4.     Abuse of a Position of Public Trust and Defrauding of Public Programs Intended for Elderly, Disabled, and Low-Income Beneficiaries**

The defendant not only defrauded programs designed to benefit elderly, disabled, and low-income beneficiaries out of over $500,000 (PSR ¶ 32), but he further abused his position of public trust as a licensed medical doctor.  (PSR ¶ 40.)  The decision to revoke the defendant's Medicare and Medicaid privileges ultimately stemmed from MBRHA allegations that the defendant had engaged in sexual activity with his practice's office manager, to whom he had also prescribed controlled substances without sufficient medical examination and outside of the usual course of professional practice.  (PSR ¶¶ 20, 68.)  The plainly dangerous implications of this conduct underscore the seriousness of the decision to revoke the defendant's Medicare and Medicaid billing privileges—a decision that the defendant flagrantly violated when he fraudulently billed those programs for services usings his father's name and billing number, bespeaking the seriousness of his offense.

**III.    Conclusion**

WHEREFORE, the United States respectfully requests that the Court impose a guideline sentence upon defendant Justin G. LaMonda, M.D., including a period of incarceration, and that the Court grant such other and further relief as the Court deems just and proper.

Date:  September 7, 2023                         Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


 /s/ Amy E. Sestric
AMY E. SESTRIC, #66219MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
amy.sestric@usdoj.gov
(314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                                    */s/ Amy E. Sestric*
                                                                    AMY E. SESTRIC, #66219MO
                                                                    Assistant United States Attorney